UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIA MCPHERSON,

    Plaintiff,

    v.                          Case No.  8:14-cv-2315-T-33EAJ

SEADUCED, LLC. d/b/a SEADUCED
MARINE INSTITUTE, LARRY KINDER,
and KEN BROWN,

    Defendants.

_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff Mia McPherson's Motion and Memorandum for Alternative Service on Defendants Larry Kinder and Ken Brown (Doc. # 14), which was filed on October 28, 2014. The Court denies the Motion for the reasons that follow.

**Background**

McPherson initiated this action against Seaduced, LLC, d/b/a Seaduced Marine Institute, Larry Kinder, and Ken Brown, on September 16, 2014. (Doc. # 1). McPherson executed service on Defendant Seaduced on September 26, 2014. (Doc. # 8). Thereafter, McPherson made an application for entry of Clerk's Default on October 27, 2014. (Doc. # 12). The Clerk entered default on October 27, 2014. (Doc. # 12). McPherson

then filed her Motion for Default Judgment as to Seaduced on October 28, 2014. (Doc. # 13). Immediately following, McPherson filed the present Motion for Alternative Service as to the other two Defendants, Kinder and Brown.

**Discussion**

McPherson moves this Court to allow for alternative means of service on the remaining two individual Defendants, Kinder and Brown. McPherson states that she employed Choice Process at the outset of this litigation to serve all Defendants. (Doc. # 14 at 2). "The process server attempted to serve the owners at the registered address of Seaduced, LLC, and was told that the building at the registered address was owned by Larry Kinder and rented as the residence of an individual identified as an employee of Seaduced, LLC." (Id.). Thereafter, the process server attempted to serve the owners, and individual Defendants, at the principal place of business of Seaduced, LLC, and two additional addresses identified on its website. (Id.). As of the date of the present Motion, McPherson has been unable to effectuate service on either Kinder or Brown.

McPherson argues that pursuant to Federal Rule of Civil Procedure 4(e), a plaintiff may effect service on a defendant "pursuant to the law of the state in which the district court

is located." (Id. at 3). McPherson cites to Florida Rule of Civil Procedure 1.290(a)(2) for the proposition that a court may "make an order for service by publication or otherwise when service cannot with due diligence be made upon any expected adverse party named in the petition." (Id.). McPherson asserts that she has attempted service on Kinder and Brown at four different addresses and has been unsuccessful at serving either under the standard procedures of Rule 4(e). It is McPherson's position that alternate service comports with the goal of service under Rule 4 to provide notice and allow the defending party to have a fair opportunity to respond. (Id. at 4). In light of the fact that Seaduced, LLC has already been served, and Kinder and Brown know of the pending litigation, McPherson requests that this Court order that service may be effected by emailing a copy of the summons and Complaint to Kinder and Brown at their respective email addresses. (Id.).

The Court is mindful that "[a]ctual notice of a suit does not dispose of the requirements of service of process." Boston v. Potter, 185 F. App'x 853, 854 (11th Cir. 2006). Because the lack of personal service of process implicates due process concerns, a plaintiff must strictly comply with the applicable statutory requirements. However, many

statutory schemes permit exceptions to personal service under circumstances in which a plaintiff has made a diligent inquiry and effort to effect personal service on a defendant. See, e.g., Fla. Stat. § 48.161.

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." Chanel, Inc. v. Lin, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009). Nonetheless, alternate methods of service must fulfill due process requirements. Id. (denying motion to serve defendants via email because plaintiff had "not demonstrated that service of process by e-mail would be reasonably calculated to put the [d]efendant on notice that litigation was pending against him."). Upon review of the circumstances surrounding the present Motion, it is not apparent to this Court that by solely attempting to serve physical addresses of Seaduced, McPherson has exhausted all other options to effectuate service, thus warrant an order allowing service by email on Kinder and Brown. The Court also notes that the Complaint was filed on September 16, 2014 (Doc. # 1) and McPherson has until January 14, 2015 to properly serve Kinder and Brown.

Therefore, upon consideration of the specific facts presented by McPherson to this Court, and the lack of

authority cited supporting McPherson's request, the Court denies McPherson's Motion for Alternative Service.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Mia McPherson's Motion and Memorandum for Alternative Service (Doc. # 14) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of October, 2014.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record