```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

MIA MCPHERSON,

        Plaintiff,

v.                                  Case No. 8:14-cv-2315-T-33EAJ

SEADUCED, LLC, LARRY KINDER,
and KEN BROWN,

        Defendants.
_____/
```

**ORDER**

This matter comes before the Court in consideration of Plaintiff Mia McPherson's Motion for Entry of Default Judgment (Doc. # 30), filed on April 6, 2015. For the reasons that follow, the Court grants the Motion.

**I.  Background**

McPherson is a professional nature photographer. (Doc. # 1 at ¶ 7). She "posts many of her copyrighted images on her personal website" and is "the sole copyright owner with respect to her copyrighted images." (Id. at ¶ 8). McPherson contends that Defendants, Seaduced, LLC, Larry Kinder, and Ken Brown, intentionally removed the copyright management information from two of her copyrighted works and placed those images on Defendants' website. (Id. at ¶ 10). McPherson made "several requests" that Defendants "remove the copyrighted

images, over the course of three months, [but] Defendants still continue to make the infringing material available online." (Id. at ¶ 14). McPherson indicates that she would normally license the images for use on a website for $1,250.00 each. (Id. at ¶ 15).

Based on these allegations and others, McPherson filed an action against Defendants on September 16, 2014, claiming willful copyright infringement and violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. On September 19, 2014, McPherson supplemented her complaint with Certificates of Registration for her copyrighted works from the United States Copyright Office. (Doc. # 5).

McPherson voluntarily dismissed Ken Brown from the action and the Court dismissed him without prejudice. (Doc. # 28). McPherson effected service on Seaduced, LLC on September 26, 2014 (Doc. # 8) and on Larry Kinder on December 9, 2014 (Doc. # 19). Neither Seaduced, LLC nor Kinder filed a response to the Complaint. The Clerk entered a default against Seaduced, LLC on October 27, 2014 (Doc. # 12) and against Kinder on January 20, 2015 (Doc. # 24), upon McPherson's application pursuant to Rule 55(a), Fed. R. Civ. P. At this juncture, McPherson seeks entry of final default

2

judgment including injunctive relief, damages, and an award of attorneys' fees and costs.

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. Id. Furthermore, a default judgment bars the defendant from contesting those facts on appeal. Id. Therefore, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint, which are taken as true due to the default,

actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id.

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing Fed. R. Civ. P. 55(b)(2)).

### III. Willful Copyright Infringement

To establish a prima facie case of copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).

To satisfy the first element, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1996) (quoting

4

Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995)). In a judicial proceeding, "a certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Once the plaintiff produces a certificate of registration, "the burden shifts to the defendant to demonstrate why the claim of copyright is invalid." Bateman, 79 F.3d at 1541.

To satisfy the second element, the plaintiff must establish that the "alleged infringer actually copied plaintiff's copyrighted material." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010). However, factual proof of copying is only part of satisfying the second element; "the plaintiff must also respond to any proof advanced by the defendant [signifying] that the portion of the work actually taken does not satisfy the constitutional requirement of originality." Id. "If a plaintiff survives a challenge to the originality requirement, they must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'" Id. (quoting Lotus, 49 F.3d at 813).

Because the Clerk has entered default against Defendants, this Court deems Defendants to have admitted to McPherson's well-pled allegations of fact. Regarding the first element, McPherson holds the copyright registration on the two photographs at issue. (Doc. # 1 at ¶ 12; Ex. B; Doc. # 5-1). McPherson has provided the Court with a copy of the certificate of registration, which has an effective date of October 13, 2013. (Doc. # 5-1). The effective date is "before or within five years after the first publication of the work,"[1] and therefore, can act as "prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c). As a result, the Court finds that McPherson has satisfied the first element necessary to prove copyright infringement.

Concerning the second element, McPherson has provided the Court with images of Defendants' website, which features McPherson's copyrighted images. (Doc. # 1 at 11). Because Defendants have not responded in this action, McPherson need not respond to any proof contradicting her claim of originality concerning the copyrighted images. Accordingly,

---

[1] The certificate of registration provided by McPherson indicates the copyrighted images had a completion/publication date of 2009. (Doc. # 5-1).

6

McPherson has satisfied the requirement of proving the "copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." Latimer, 601 F.3d at 1233 (quoting Lotus, 49 F.3d at 813).  Therefore, this Court finds that McPherson has satisfied the second element necessary to prove copyright infringement.

**IV.  Violation of the Digital Millennium Copyright Act**

In addition, Defendants' conduct violates the Digital Millennium Act, which makes it illegal to "intentionally remove or alter any copyright management information," or "distribute . . . copies of works . . . knowing that copyright information has been removed or altered without the authority of the copyright owner." 17 U.S.C. § 1202(b)(1),(3). McPherson alleges in the Complaint that Defendants removed the copyright management information from her images and then distributed her images via a website.

Taking the factual allegations in McPherson's Complaint as true, the Court determines that Defendants are liable for copyright infringement and violation of the Digital Millennium Act.  This Court will now examine McPherson's requests for relief.

**V.    Relief Requested**

    **A.    Injunction**

Pursuant to 17 U.S.C. § 502 (a), this court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, LLC., 547 U.S. 388, 391 (2006).

McPherson is entitled to an injunction, as requested in the Complaint, barring Defendants from future use of her copyrighted images. "Copyright infringements are presumed to cause irreparable harm." Masterfile Corp. v. Accounting Sys. Tech., Inc., No. 6:10-cv-259-Orl-28GJK, 2010 U.S. Dist. LEXIS 132790, at *7 (M.D. Fla. Oct. 1, 2010). In addition, McPherson has established that the Defendants infringed her copyrights after being instructed to cease and desist their infringing conduct. These facts show that Defendants are

likely to engage in future wrongful conduct. See Microsoft Corp. v. Silver Star Micro, Inc., No. 1:06-cv-1350, 2008 U.S. Dist. LEXIS 1526, at *30 (N.D. Ga. Jan. 9, 2008). While the Court is, indeed, awarding damages for past violation of her rights under the copyright laws, McPherson does not have an adequate remedy at law to prevent damage she would suffer by further copyright infringement by Defendants.

Furthermore, Defendants have not provided the Court with any evidence purporting to show a rightful claim to the copyrighted images; therefore, Defendants would suffer minimal, if any, hardship as a result of the requested injunction being issued.  On the other hand, McPherson, as the holder of the copyright of the images, could sustain hardship, specifically lost revenue, if Defendants are not enjoined from engaging in the infringing activity.  Finally, "injunctive relief is in the public interest, not only for the protection of copyrights, but also because of the public's interest in supporting creative pursuits while controlling costs passed on to the public when pirated copyrights cause lost revenues." Virgin Records Am. v. Courson, N. 3:07-cv-195, 2007 U.S. Dist. LEXIS 75969, at *5 (M.D. Fla. Oct. 12, 2007).

Accordingly, the Court grants McPherson's request for an injunction as follows: Defendants Larry Kinder and Seaduced, LLC are permanently enjoined from using, copying, distributing, or making available any of McPherson's images, without McPherson's permission.

**B.** **Damages for Willful Copyright Infringement**

McPherson seeks damages pursuant to 17 U.S.C. § 504, which establishes how to prove damages for copyright infringement. A copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer or (2) statutory damages provided by 17 U.S.C. § 504(c). As to Count One, for willful copyright infringement, McPherson seeks her actual damages of $2,500.00 based on the infringement of two copyrighted images that she would normally license for $1,250.00 each. The Court grants her actual damages in the amount of $2,500.00.

**C.** **Damages for Violation of the Digital Millennium Copyright Act**

As for Count Two, McPherson seeks statutory damages for Defendants' violation of the Digital Millennium Copyright Act. McPherson is entitled to statutory damages because Defendants removed the copyright management information from her images and then distributed the images on Defendants'

website. The Digital Millennium Copyright Act authorizes statutory damages in an amount of not less than $2,500.00 per violation and up to $25,000.00 per violation. The Court has wide discretion to set an amount of statutory damages." Tiffany (NJ), LLC v. Dongping, No. 10-61214-civ, 2010 WL 4450451, at *6 (S.D. Fla. Oct. 29, 2010); see Cable/Home Commc'n Corp. v. Network Prod. Inc., 902 F. 2d 829, 852 (11th Cir. 1990).

In determining such statutory damages, courts may consider factors such as:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Rolex Watch U.S.A., Inc. v. Lynch, No. 2:12-cv-542-FTM-38, 2013 WL 2897939, at *5 (M.D. Fla. June 12, 2013).

After due consideration of these factors and the record as a whole, the Court determines that an award of $2,500.00 per violation of the Digital Millennium Copyright Act is appropriate. The Complaint alleges that Defendants intentionally removed the copyright management information from McPherson's images and then placed those images on

Defendants' website. McPherson alleges that Defendants persisted in their use of her copyrighted images even after she requested that they cease and desist with the assistance of counsel on several different occasions. Thus, statutory damages are required to deter future infringement by Defendants. The Court determines that $2,500.00 per violation is appropriate because, although it is the minimum amount authorized by the statute, it is two times the license fee that McPherson would charge had Defendants sought to use her images in a lawful manner. Upon due consideration, the Court determines an award of $5,000.00 ($2,500.00 per violation) in statutory damages adequately compensates McPherson for Defendants' violation of the Digital Millennium Copyright Act as alleged in Count Two of the Complaint.

    **C.**    <u>**Attorneys' Fees and Costs**</u>

In addressing attorney's fees and costs, 17 U.S.C. § 505, states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

McPherson has requested $7,100.00 in attorneys' fees and $998.00 in costs. (Doc. # 30-1). Upon review of McPherson's

Motion and upon consideration of the file as a whole, the Court determines that the attorneys' fees and costs requested are reasonable under the circumstances of this case.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Mia McPherson's Motion for Entry of Default Judgment (Doc. # 30) is **GRANTED**.

(2) Defendants Larry Kinder and Seaduced, LLC are enjoined from using, copying, distributing, or making available any of McPherson's copyrighted images, without her permission.

(3) McPherson is entitled to $2,500.00 in damages for Defendants' willful copyright infringement as specified in Count One. McPherson is entitled to $5,000.00 for Defendants' violation of the Digital Millennium Copyright Act as specified in Count Two. McPherson's total damages are $7,500.00.

(4) McPherson's request for attorneys' fees in the amount of $7,100.00 and costs in the amount of $998.00 is **GRANTED**.

(5) The Clerk is directed to enter Judgment in favor of McPherson consistent with the foregoing and to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of April, 2015.

<u>                                        </u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record